## WILLIAM EMPSON

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. GRAND JURORS—*mode of obtaining.* The act of April 10, 1872, providing for the clerk of the court to draw from the jury box kept in the county clerk's office, for the purpose of obtaining grand jurors, was repealed by the act of May 7th, 1873, which provides that the county board of the county shall select the grand jury.

2. SAME—*filling panel.* Under the statute of 1873, where the grand jurors regularly summoned have been discharged, the court may order a special venire for a grand jury, and this is the only mode to obtain one under such circumstances, unless it was summoned from the bystanders.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Messrs. WILSON & LADD, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only point urged as ground for reversal of the judgment in this case is, that the court below erred in ordering a special venire for the grand jury which found the indictment.

It appears by the record, that, on the first day of the February term, 1874, of the circuit court of the county of Henry, twenty of the persons who had been summoned as grand

jurors appeared and answered to their names, and it appearing to the court that the jurors had not been legally drawn, the court discharged said persons, and ordered that the sheriff summon from the body of the county twenty-three persons duly qualified to serve as grand jurors, and thereupon a venire was issued for such grand jury.

The grand jury summoned under the venire found the bill of indictment.

The 9th section of the act concerning jurors, approved May 7th, 1873, Laws 1873, p. 113, provides: "If, for any reason, the panel of grand jurors shall not be full at the opening of any court of record, the court shall direct the sheriff to summon from the bystanders, or from the body of the county, a sufficient number of persons having the qualifications of jurors, as provided by this act, to fill the panel." Section $19\frac{1}{2}$ of the act provides: "That the judge of any court of record of competent jurisdiction may order a special venire to be issued for a grand jury at any time when he shall be of opinion that public justice requires it." Here would seem to be sufficient warrant of law for the action of the court in ordering the special venire for a grand jury.

The claim on the part of plaintiff in error is, that the court should have ordered its clerk to draw from the jury box kept in the office of the county clerk, twenty-three names, and that the persons so drawn should have been summoned as grand jurors. This was a mode of obtaining a grand jury under the statute of April 10th, 1872. But the act of May 7, 1873, repealed the statute of April 10th, 1872, and provides an entirely different mode for the procuring of a grand jury, viz: that the county board of the county, at least twenty days before the sitting of the court, shall select twenty-three persons to serve as grand jurors for the ensuing term, who shall be summoned as a grand jury for such term.

The persons regularly summoned as grand jurors having been discharged, there was no other mode open to the court, under the statute of 1873, to obtain a needed grand jury,

than the one adopted, unless to direct one to be summoned from the bystanders.

Plaintiff's counsel make the assertion that, at the times of summoning the first and second grand juries, the law of April 10th, 1872, was the only statute then in force regulating the manner of drawing or selecting grand jurors, and entirely ignore the existence of the act of May 7, 1873. Why so, no reason is suggested, and none is apparent why this act of 1873 should not have force as law, as it appears on the statute book.

The judgment will be affirmed.

*Judgment affirmed.*