(No. 14558.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE SECCO *et al.* Plaintiffs in Error.

*Opinion filed June 21, 1922.*

1. CRIMINAL LAW—*when objections to selection of grand and petit juries cannot be considered.* Objections to the selection of the grand and petit juries which do not appear from an inspection of the common law record cannot be considered by the Supreme Court where there is no bill of exceptions.

2. SAME—*when judgment and sentence for robbery are sufficient.* A judgment of conviction for robbery is sufficient which sets out the verdict *in hæc verba,* recites the overruling of motions for new trial and in arrest of judgment, and sentences the defendants to the penitentiary "for a term of years not less than the minimum term of years or greater than the maximum term of years as provided by law and until discharged by due process of law," as the Parole act applies to the crime of robbery and the penalty is fixed by statute.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. CHARLES H. MILLER, Judge, presiding.

OTTO CHRISTENSEN, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROY C. MARTIN, State's Attorney, and EDWARD C. FITCH, (THOMAS J. LAYMAN, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error were indicted, tried and convicted in the circuit court of Franklin county for robbery and judgment was entered on the verdict. This writ of error is sued out to review the common law record of the trial court.

No bill of exceptions is presented, and apparently one was not preserved, as to the hearing in the trial court.

It is contended that the trial court erred in selecting the special grand jury which returned the indictment and in selecting the petit jury which tried the case. The objections as to the selection of both grand and petit juries are such as can be made to appear only by evidence which cannot become a part of the record unless it be made so by bill of exceptions. (*Earll* v. *People,* 73 Ill. 329; *Roberts* v. *Fahs,* 36 id. 268; *People* v. *Strauch,* 247 id. 220.) No error is shown in the common law record, and there being no bill of exceptions in the record the objections of plaintiffs in error as to the selection of grand and petit juries are not presented by the record before us. If these questions had been properly raised by the bill of exceptions, it seems clear that under the holding of this court in *Empson* v. *People,* 78 Ill. 248, *White* v. *People,* 81 id. 333, and *Mackin* v. *People,* 115 id. 312, it could not be held that there was any error in the method of selecting the grand jury. Neither could it be held that there was any reversible error committed by the trial court in the method of selecting the petit jury in this case, under the rulings of this court in *Siebert* v. *People,* 143 Ill. 571, and *Marzen* v. *People,* 190 id. 81.

It is further argued by counsel for plaintiffs in error that the sentence and judgment of the court are erroneous

and not sufficient and should be reversed as contrary to law.    An examination of the record will disclose that the judgment, after reciting all the different steps of the trial, set out *in hæc verba* the verdict of the jury, which found the defendants guilty of robbery, each having a confederate present armed with a dangerous weapon to aid and abet each of them.    The judgment then recites the overruling of the motion for a new trial and the motion in arrest of judgment and proceeds as follows:    "Whereupon judgment is by the court rendered upon the verdict of the jury, and defendants, Joe Secco, alias Pete Secco, and Henry Bocabella, alias Harry Bracca, are hereby sentenced to the Southern Illinois penitentiary, at Menard, Illinois, for a term of years not less than the minimum term of years or greater than the maximum term of years as provided by law and until discharged by due process of law."    Robbery is a criminal offense which comes within the provisions of the Parole law of this State, and the penalty as fixed by the law for the crime of robbery in the manner in which these defendants were found guilty is fixed by the statute.    Considering the whole record before us, it must be held, under the reasoning of this court in *Hoch* v. *People,* 219 Ill. 265, that the judgment was legal and valid.    The record shows here, as it did in the case just referred to, that there was a sentence upon the verdict, and if it was necessary that the court approve the verdict, it was done by overruling the motion for a new trial.    The verdict in this case determines the character of the crime and the penalty, and the sentence upon the verdict is an adjudication by the court and is sufficient as a judgment.

We find no reversible error in the record, and the judgment of the circuit court of Franklin county will be affirmed.

*Judgment affirmed.*