# The People of the State of Illinois, Defendant in Error, v. Cecil Pemberton, Plaintiff in Error.*

1. GRAND JURY—*presumption of validity on review.* In the absence of an affirmative showing in the record that the regular grand jury had not been discharged, it will be presumed on review that the court below had sufficient grounds for drawing and impaneling the special grand jury which returned the indictment.

2. CRIMINAL PROCEDURE—*uncontradicted evidence as supporting judgment.* A defendant who has not offered any evidence cannot successfully ask reversal of the judgment against him for keeping a gaming house as against the weight of the uncontradicted evidence of a State's witness to his crime.

Error by defendant to the County Court of Franklin county; the Hon. S. M. WARD, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed March 31, 1925.

R. E. SMITH, for plaintiff in error.

ROY MARTIN, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.
Plaintiff in error prosecutes this writ of error to reverse a judgment of the county court of Franklin county, fining him $300 and costs on an indictment returned by a special grand jury, charging him with keeping a common gaming house. Said indictment had been certified to the county court for trial.

The principal ground relied on by counsel for plaintiff in error for a reversal of said judgment is that the indictment returned by said special grand jury is illegal, for the reason that at the time said special grand jury was impaneled, and at the time said indictment was returned, the record fails to show that the regular grand jury which had been duly impaneled at

* Received from clerk of Appellate Court, August 8, 1927.

the beginning of said November term, which convened on the 26th day of November, 1923, had been discharged and that therefore said court had no power to impanel a special grand jury.

Cahill's St. ch. 78, ¶ 19, provides among other things that "The judge of any court of record of competent jurisdiction may order a special *venire* to be issued for a grand jury at any time when he shall be of opinion that public justice requires it."

The Supreme Court had before it a question similar to the one here raised in *Mackin v. People,* 115 Ill. 312. In discussing the power of a court to call a special grand jury, and the validity of its indictment, the court says, page 319:

"It appears from the averments in the indictment, it was found by a special grand jury. In that respect it is insisted on behalf of defendant there is error in the record. Section 19, chapter 88, of the Revised Statutes of 1874, provides the judge of any court of record of competent jurisdiction may order a special *venire* to be issued for a grand jury at any time when he shall be of the opinion that public justice requires it. Unless something in the record disclosed the contrary, it will be presumed the discretion with which judges of courts of record are clothed in such matters has been well exercised in the interest of public justice. This much is conceded by counsel, but the objection taken is, that at the time the special grand jury in this case was called, a regular grand jury, if not in fact in session, was in existence. The fact on which the argument proceeds on this branch of the case nowhere appears in this record. It may be a grand jury had been regularly drawn for that term of court under the usual forms of law, but as to whether it had been discharged before this special grand jury was called, the record is absolutely silent. Every presumption, however, will be indulged to sustain the action of the court. Its action is to be presumed to be

regular until it is made to appear otherwise. Nothing to the contrary appearing in this record, the presumption will be indulged that that state of facts existed which clothed the judge with a discretion to call a special grand jury, whenever in his opinion, it was required in the interests of public justice.''

This case was cited with approval in *Hereford v. People,* 197 Ill. 222–230, and *People v. Secco,* 303 Ill. 546. In 28 C. J. 765, the rule is stated as follows:

''In the absence of any showing to the contrary it will be presumed that the order for a special grand jury was regularly made, and that the regular grand jury was properly discharged, before the special grand jury was impaneled.''

While the record in this case discloses the fact that a regular grand jury had been impaneled, and had returned numerous indictments and had made a report to the court on the condition of the jail, etc., it fails to disclose that the regular grand jury had not been discharged. The record is silent as to what, if anything, transpired in said court from the 30th day of November, the date of the last proceedings shown to have been had in connection with the regular panel of the grand jury, to December 15th, the date on which the special grand jury was drawn and impaneled. In other words, the record fails to show the adjournment of said court on the 30th day of November to the 15th day of December or to any other day. It does not purport on its face to disclose all of the orders that were made by said court at its November term, 1923. It will therefore be presumed that the court, in impaneling said special grand jury, proceeded regularly, and that sufficient grounds existed therefor.

In *White v. People,* 81 Ill. 333, the court, in discussing the presumption of the regularity of the proceedings of a court of general jurisdiction, at page 335 says:

"The *venire* was issued, and the grand jury brought in on this *venire* was duly organized, and, on the 4th day of January, duly returned the indictment in this case.

"It is insisted, because the record does not affirmatively show that the court was convened on the *twenty-fourth* day of November, in pursuance of the order of adjournment to that day, entered on the 12th of November, that it must be held that the September term had lapsed and ceased, and, as a consequence, the proceedings on the 1st day of December (and on the subsequent days purporting to be of the said September term) were *coram non judice* and void, and hence that this indictment was and is void. This position is not well taken. The orders of record of December 1, speaking of the day, states that was one of the regular days of said September term. In the absence of anything in the record to the contrary, by bill of exceptions or otherwise, the fair inference is that the court was duly convened on the 24th of November, and that the term was continued by regular adjournments, or that in the absence of the judge the proper adjournments were made by the sheriff, as provided by sec. 37, chap. 37, R. L. 1874, p. 331."

We therefore hold that in the absence of an affirmative showing in the record, that the regular grand jury had not been discharged, it will be presumed that the court had sufficient grounds for drawing and impaneling said special grand jury, which returned the indictment in this case. The court did not err in overruling the motion to quash said indictment and the motion in arrest of judgment.

It is next insisted by plaintiff in error that the evidence is not sufficient to sustain the judgment.

E. O. Diel testified on behalf of the People to the effect that plaintiff in error operated a gaming house, and that he (said witness) had gambled in the same, and had seen others gambling therein. Said witness

further testified on cross-examination that at one time he had been in the gambling business with plaintiff in error, but that he had quit gambling and was now absolutely opposed to it. The credibility was for the jury. No evidence was offered on the part of the plaintiff in error. The uncontradicted evidence is to the effect that plaintiff in error was guilty as charged. We would therefore not be warranted in reversing the judgment on the ground that it was not supported by the evidence.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*