(No. 28284.—<span></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES W. BROWN, Plaintiff in Error.

*Opinion filed January 17, 1945.*

CHARLES W. BROWN, *pro se.*

GEORGE F. BARRETT, Attorney General, and Ross E. MILLETT, State's Attorney, of Sycamore, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty of burglary and larceny in the circuit court of DeKalb county and was sentenced March 1, 1944, to the Illinois State Penitentiary for a term of one year to life. He brings the cause here contending that the court had no jurisdiction to impose such sentence but that it should have fixed in the sentence the minimum and maximum limits of his imprisonment.

Section 36 of division I of the Criminal Code (Ill. Rev. Stat. 1943, chap. 38, par. 84,) declares that upon conviction of the crime with which plaintiff in error was charged, and of which he was found guilty, the penalty shall be imprisonment "in the penitentiary for any term of years not less than one year or for life." The judgment entered in this case was on a plea of guilty and a finding by the court "that said defendant is guilty of Burglary and Larceny in manner and form as charged in the first count of said Indictment on said plea of guilty." He was sentenced "to the Illinois State Penitentiary at Joliet, for a term of one year to life." This is the punishment as fixed by the statute.

The Parole Act, as amended in 1943, (Ill. Rev. Stat. 1943, chap. 38, par. 802,) provides that the trial court, upon conviction of an offense subject to an indeterminate sentence, shall fix a minimum and maximum limit of the duration of imprisonment. The language of the act here applicable is as follows: "The minimum limit fixed by the court may be greater but shall not be less than the minimum term provided by law for the offense and the maximum limit fixed by the court may be less but shall not be greater than the maximum term provided by law therefor. * * * It shall be deemed and taken as a part of every such sentence, as fully as though written therein, that the Division of Correction, by and with the approval of the Governor in the nature of a release or commutation of sentence or commitment, may terminate the term of such imprisonment or commitment earlier than the maximum fixed by the court, as provided in Section 9." Under this section, it will be seen that the court is not required, in sentencing the accused, to fix a minimum or maximum limit of duration of imprisonment different from the penalty imposed by law on conviction of the crime, though it may do so within the limitations provided in the act.

The penalty fixed by law is, in all cases of conviction, written into the judgment of the court. (*People ex rel. Ewald* v. *Montgomery*, 377 Ill. 241.) Under provisions of section 2 of the Parole Act, the Division of Correction was empowered to terminate the term of imprisonment earlier than the maximum fixed by the court upon compliance with conditions therein provided. The clear meaning of the language of the judgment "of one year to life" is that the minmum limit of the duration of imprisonment should be one year and the maximum limit life. This was in accordance with the statute fixing the punishment for the crime. There is no error in the judgment and it is affirmed.

*Judgment affirmed.*