(No. 29175.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK GREEN, Plaintiff in Error.

*Opinion filed March 20, 1946—Rehearing denied Sept. 12, 1946.*

FRANK GREEN, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

In March, 1942, the defendant, Frank Green, was convicted in the criminal court of Cook county upon his plea of guilty of the crime of grand larceny. He was sentenced to imprisonment in the penitentiary for an indeterminate term of from one to ten years, the penalty prescribed by the Criminal Code. (Ill. Rev. Stat. 1945, chap. 38, par. 389.) The advisory opinion or recommendation of the trial judge incorporated in the judgment, pursuant to the invalid 1941 amendment to section 2 of the Sentence and Parole Act, that the minimum and maximum limits of defendant's imprisonment be not less than one nor more than

ten years was void. (*People* v. *Montana,* 380 Ill. 596.) Defendant prosecuted a writ of error and, on March 12, 1945, this court reversed the judgment and remanded the cause, with directions to enter a sentence in conformity with the law. (*People* v. *Green,* No. 28597, not reported.) Section 4 of the act in relation to the construction of statutes (Ill. Rev. Stat. 1945, chap. 131, par. 4,) gives to the party affected the benefit of a new law mitigating any penalty, forfeiture or punishment where he consents to its application. Upon the remandment, defendant claimed and received the benefit of the provisions of section 2 of the Sentence and Parole Act, as amended in 1943, effective July 1, 1943, (Ill. Rev. Stat. 1945, chap. 38, par. 802,) empowering the trial court, upon conviction of an offense subject to an indeterminate sentence, to fix the minimum and maximum limits or duration of imprisonment. On May 2, 1945, the criminal court of Cook county sentenced him to the penitentiary for a term of from one to ten years and fixed the minimum and maximum limits of imprisonment at three and ten years, respectively. The judgment order recites, "It is further ordered by the Court that the minimum of three years to be considered served." Appearing *pro se,* defendant prosecutes this writ of error.

Seeking a reversal of the judgment of conviction, defendant contends that the portion of the sentence fixing the duration of imprisonment increases the minimum term for larceny and that the increased sentence constitutes a denial of Federal and State constitutional guarantees. To support his contention, the argument is advanced that a *nunc pro tunc* judgment should have been entered reducing the maximum term by giving him credit for the three years of the original sentence already served.

Section 2 of the Parole Act of 1943, so far as relevant, ordains: "The minimum limit fixed by the court may be greater but shall not be less than the minimum term provided by law for the offense and the maximum limit fixed

by the court may be less but shall not be greater than the maximum term provided by law therefor." The court is not required to fix a minimum or maximum limit of duration of imprisonment different from the penalty imposed by law on conviction of the crime, though it may do so within the limitations prescribed in the act. (*People* v. *Brown,* 389 Ill. 202.) A sentence under section 2, it is established, is a definite sentence for the maximum term provided by law for the offense for which the sentence is imposed. (*People* v. *Wilson,* 391 Ill. 463, *People ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581; *People* v. *Connors,* 291 Ill. 614.) The penalty prescribed by law is, in all cases of conviction, written into the judgment of the court. (*People* v. *Pond,* 390 Ill. 237; *People* v. *Brown,* 389 Ill. 202; *People ex rel. Ewald* v. *Montgomery,* 377 Ill. 241.) The maximum penalty for grand larceny is ten years' imprisonment. This being so, defendant was sentenced to a term of ten years. Under section 2 of the Parole Act, the Division of Correction is authorized to terminate the term of imprisonment earlier than the maximum fixed by the court. The sentence assailed fixed the minimum limit of imprisonment at three years and, at the same time, adjudged that this minimum be considered served. The effect of the sentence is simply that defendant commenced the fourth year of his term of ten years after being resentenced on May 2, 1945. By the judgment the termination of the maximum term of imprisonment was also correspondingly advanced. This in nowise affected adversely his rights. In short, the fact that the court fixed the minimum limit or duration of imprisonment at three years is, upon this record, wholly immaterial.

In *People* v. *Wilson,* 391 Ill. 463, we held that where a defendant elects to be resentenced under the Parole Act of 1943, the second sentence commences from the time entered, disregarding any credit for the time served under a sentence previously reversed, as here, and irrespective of

the effect of any right to parole: We are of the opinion that the minimum limit of imprisonment of three years fixed by the new sentence, entered under the Sentence and Parole Act of 1943 at defendant's own instance and request, was nullified by the portion of the judgment directing the minimum be considered served. Moreover, the new sentence giving him credit for time served under the sentence of 1942 is not prejudicial but is, instead, beneficial to him. However erroneous may have been the action of the court in ordering that the minimum term of imprisonment, fixed by the judgment, be considered as already served, it was an error which inured to the benefit of defendant. Conceding the error, it was one favorable to defendant, of which he cannot complain. (*People* v. *Michael,* 280 Ill. 11; *McQuoid* v. *People,* 3 Gilm. 76.) Manifestly, his constitutional rights have been adequately safeguarded.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*