(No. 29796.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EVERETT ROSS, Plaintiff in Error.

*Opinion filed January 22, 1947.*

EVERETT ROSS, *pro se.*

GEORGE F. BARRETT, Attorney General, and FRANCIS C. KING, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error, Everett Ross, was indicted in the circuit court of the county of Rock Island, Illinois, for the

crime of burglary and larceny on September 25, 1931. He was tried by a jury and found guilty as charged in the indictment. On October 15, 1931, the circuit court entered judgment on the verdict and sentenced the plaintiff in error to the State penitentiary at Joliet for a period of "not less than one year from and after the date of delivery hereof and may extend to life and that he be held paroled and discharged according to the provisions of the statute in such case made and provided." He prosecutes this writ of error for the purpose of reviewing that judgment. The common-law record only is submitted here.

It is the contention that it was incumbent upon the trial judge to sentence the plaintiff in error to a definite term of years or for life. He insists that section 36 of division I of the Criminal Code defining burglary prescribes a definite term of imprisonment. (Ill. Rev. Stat. 1933, chap. 38, par. 84.) He asserts that the said section provides for two separate and distinct judgments and that the trial court imposed both of the punishments mentioned in said section upon the plaintiff in error and that, therefore, the judgment is void. He further asserts that the imposition of sentence should have been made definite under the terms of section 1 of the Parole Act, and that it should not have been an indeterminate sentence under section 2 of said act. (Ill. Rev. Stat. 1933, chap. 38, pars. 801, 802.) The citation of cases from foreign jurisdictions in the brief of plaintiff in error is not helpful because the statutes in those States are entirely different from those in Illinois.

We do not find any merit in the point raised by the plaintiff in error in this case. Section 36 of division I of the Criminal Code refers particularly to burglary and provides for an imprisonment in the penitentiary for any term of years not less than one year or for life. The plaintiff in error could not have been sentenced under the provisions of section 1 of the Parole Act because that section applies only to four offenses, namely, misprision of treason, murder,

rape and kidnaping. Section 2 of said act provides that, except for crimes enumerated under section 1, every sentence to the penitentiary shall be a general sentence of imprisonment and the courts of this State imposing such sentence or commitment shall not fix the limit or duration of such imprisonment. It further provides that the term of such imprisonment or commitment shall be for not less than the minimum nor greater than the maximum term provided by law for the offense of which the person stands convicted. The record in the case shows that the defendant was duly arraigned, served with a copy of the indictment, list of witnesses and jurors and was represented by an attorney at the trial. The defendant was found guilty by the jury of the offense of burglary and larceny in manner and form as charged in the indictment.

We believe that what this court has said in the case of *People* v. *Secco,* 303 Ill. 546, applies to the judgment in the present case. There the defendants were found guilty and convicted of robbery and sentenced "for a term of years not less than the minimum term of years or greater than the maximum term of years as provided by law and until discharged by due process of law." Section 246 of division I of the Criminal Code in defining punishment for the offense of robbery is in exactly the same language as section 36 covering burglary. It provides that defendant shall be imprisoned in the penitentiary for any term of years not less than one year or for life. In the *Secco case,* the plaintiffs in error challenged the validity of an indeterminate sentence under section 246. In that case we said: "Robbery is a criminal offense which comes within the provisions of the Parole law of this State and the penalty as fixed by the law for the crime of robbery in the manner in which these defendants were found guilty is fixed by the statute." The verdict in this case, as it did in the case just referred to, determined the character of the crime and the penalty, and the sentence upon the ver-

14

dict is an adjudication by the court and is sufficient as ·a judgment.

We find no error in the common-law record submitted by the plaintiff in error and the judgment of the circuit court of Rock Island county is affirmed.

*Judgment affirmed.*