(No. 31077.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD CLARK, Plaintiff in Error.

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

RICHARD CLARK, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and HARRY A. HALL, State's Attorney, of Waukegan, (JOHN BEDROSIAN, of Waukegan, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

An indictment was returned at the December term, 1946, in the circuit court of Lake County, against plaintiff in error, Richard Clark, and Donald Vikre and Louis J. Curry, charging them with the murder of Anthony Rudaitis. Clark entered a plea of guilty to manslaughter and was sentenced to imprisonment in the penitentiary for a maximum term of fourteen years and a minimum term of thirteen years and six months.

The record discloses that on the night of February 19, 1944, plaintiff in error and Louis J. Curry left their home in plaintiff in error's car, went to the home of Donald Vikre, picked him up and proceeded to a place known as the Clover Leaf Tavern on Green Bay Road in Lake County. It was a cold, snowy night, around ten o'clock. Vikre and Curry got out of the car and Clark drove a short distance down the highway where he parked. The two men walked over to the tavern, looked in the window, and seeing Anthony Rudaitis, the proprietor, alone, opened the door and went in, Curry carrying a single-barrel twenty-gauge shotgun. They indicated it was a robbery or stick-up, and about that time the gun was discharged, striking the tavern proprietor in the chest. He was found dead shortly thereafter by the police. After the shooting Vikre and Curry left the tavern and ran to the point where Clark had parked the car, where they all got in and returned to Waukegan. Three years later plaintiff in error was arrested and brought into the sheriff's office where he confessed. Afterward the officers arrested the other two participants, finding in their possession the shotgun used in the holdup which resulted in the killing of Anthony Rudaitis. On their pleas of guilty Vikre and Curry were sentenced to thirty years in the penitentiary and plaintiff in error was sentenced as above pointed out.

Plaintiff in error contends the trial court erred in not fully advising him as to the consequences of his plea of guilty to manslaughter, and therefore denied him due process of law as guaranteed by the Federal constitution, in that the trial court advised him that he could be sentenced to the penitentiary for a term of from one to fourteen years on his plea of guilty and did not advise him that he could be sentenced to the penitentiary for a term of from thirteen years and six months minimum to fourteen years maximum. He contends a plea of guilty is of no effect if the explanation required by section 4 of division XIII of the Criminal Code is not first made, and cites *People ex rel. Wiseman* v. *Nierstheimer,* 401 Ill. 260, and *People* v. *Varecha,* 353 Ill. 52. There can be no question of the requirements in this respect or any question with reference to the law as announced in the two above-cited cases. These cases, however, do not support plaintiff in error's contention, for they present the application of the rule to entirely different circumstances from those disclosed by the record here. The accused in those cases had, prior to the commission of the crime for which he was being tried, been adjudged mentally incompetent and feeble-minded by a court of competent jurisdiction and such mental incompetency existed at the time of the trial in question and at the time of the entry of pleas of guilty. It is readily apparent that an explanation or warning with reference to a plea of guilty would be of no avail unless the person accused was mentally competent to understand it.

In the instant case, the plaintiff in error was above the age of twenty-one when he committed the crime, was twenty-six years old, mentally able and capable to act at the time he entered his plea of guilty and was represented throughout all the trial proceedings by competent counsel. The record discloses that plaintiff in error, of his own

volition, his counsel being present, withdrew his plea of not guilty and entered a plea of guilty of manslaughter. It is significant that after he was advised of the maximum and minimum limits of the term of the imprisonment the judge remarked, "If Clark wishes to withdraw his plea of guilty and plead not guilty, I will let him do so. I am inclined to let him do so and stand trial for murder. You can think that over." The court also remarked, "The most I can sentence this fellow Clark is one to fourteen years," and then proceeded to sentence the defendant. We hardly see how it could be contended with any consistency, after this language was used by the court, that he was led to believe he was being sentenced to an indeterminate term of from one to fourteen years. Plaintiff in error was given full opportunity to withdraw his plea if not satisfied, but neither he nor his counsel had anything to say with reference to the sentence or the withdrawal of his plea. The trial judge could have sentenced the defendant to an indeterminate term or he could, as he did, fix the minimum and maximum limits of imprisonment. In sentencing a defendant to an indeterminate sentence under section 2 of the Parole Act, as amended in 1943, (Ill. Rev. Stat. 1945, chap. 38, par. 802,) the court is not required to fix a minimum or maximum limit of duration of imprisonment different from the penalty imposed by law on conviction of the crime, though it may do so within the limitations prescribed in the act. *People* v. *Brown,* 389 Ill. 202.

The court had a right to fix the minimum and maximum limit of duration of imprisonment within the limitations prescribed in the act. Under the record here, plaintiff in error, being mentally sound, of the age of twenty-six years, represented by competent counsel, and clearly informed as to every step in the handling of his case, is not in position to complain as to any violation of his constitutional rights. The judgment of the circuit court of Lake County as to Richard Clark is affirmed.

*Judgment affirmed.*