(No. 32161.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES WESTBROOK, Plaintiff in Error.

*Opinion filed January 24, 1952.*

CHARLES WESTBROOK, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and SCOTT HOOVER, State's Attorney, of Taylorville, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Charles Westbrook, was indicted in the circuit court of Christian County for the crime of armed robbery. A jury found him guilty. Judgment was entered on the verdict and defendant was sentenced to the penitentiary. The court fixed both the minimum and maximum duration of imprisonment at life. Appearing *pro se,* defendant prosecutes this writ of error.

The sole question for decision is whether a sentence for armed robbery fixing identical minimum and maximum terms of imprisonment is proper under the applicable provisions of the Sentence and Parole Act. Section 1 of that act (Ill. Rev. Stat. 1951, chap. 38, par. 801,) provides for definite sentences for the crimes of misprision of treason, murder, rape and kidnapping, and for indeterminate sentences for all other crimes. Section 2 requires the courts, in imposing sentences for crimes other than those specifically mentioned in section 1, to fix the minimum and maximum limits of imprisonment. The penalty for armed robbery is fixed by section 246 of division I of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 501,) at imprisonment "in the penitentiary for any term of years not less than one year or for life." We have held that a sentence for armed robbery falls within section 2 of the Sentence and Parole Act, and must be an indeterminate rather than a definite sentence. *People* v. *Ross,* 396 Ill. 11; *People* v. *Secco,* 303 Ill. 546.

To sustain the judgment, the People argue that the sentence falls literally within the following language of section 2: "The minimum limit fixed by the court may be greater but shall not be less than the minimum term provided by law for the offense and the maximum limit fixed by the court may be less but shall not be greater than the maximum term provided by law therefor." It is true, of course, that the minimum sentence here imposed, life, does not exceed the maximum allowed by the statute; but the question remains whether a sentence "from life to life" is an indeterminate sentence.

This question has not previously been considered in Illinois, but similar issues have been presented for decision in other jurisdictions. The indeterminate sentence acts of Alabama and Montana are indistinguishable, for present purposes, from our statute. In *Sanders* v. *State,* 19 Ala.

App. 367, 97 So. 294, the court held that a sentence fixing the same minimum and maximum terms of "not less than 24 months nor more than 24 months" in the penitentiary constituted a definite rather than an indeterminate sentence, as required by the Alabama statute. The same conclusion was reached in *Jones* v. *State,* 125 So. 898, and in *Bailey* v. *State,* 125 So. 693, each of which involved identical minimum and maximum terms of ten years. In *Ex Parte Collins,* 51 Mont. 215, 152 Pac. 40, the Supreme Court of Montana held that a sentence of not less than two nor more than two years' imprisonment failed to meet the requirements of the statute. A contrary result was reached in *State* v. *Davisson,* 28 N. M. 653, 217 Pac. 240.

In our opinion, the legislature intended by sections 1 and 2 of the Sentence and Parole Act to require that definite sentences be imposed for the four crimes specifically mentioned in section 1, and that indeterminate sentences be imposed for all other crimes. (*People* v. *Corrie,* 387 Ill. 587.) That intention would be nullified by the construction advanced by the People, which would convert the sharply drawn legislative distinction .between definite and indeterminate sentences into an empty formula of words.

It is suggested that this difficulty can be overcome by reading into the minimum term of life imprisonment fixed by the sentence in the case at bar those statutory provisions which relate to eligibility for parole under definite sentences to life imprisonment. Prisoners who receive definite sentences for life under section 1 of the Sentence and Parole Act or under the Habitual Criminal Act are eligible for parole at the end of twenty years. (Ill. Rev. Stat. 1951, chap. 38, pars. 801, 801.1.) But the statutes so providing are narrow in their scope and apply only to definite sentences imposed for specified crimes. It is clear from their terms that they were not intended to be applied to a sen-

tence for life imposed as the minimum term of an indeterminate sentence.

For these reasons, we are of the opinion that the imposition of a sentence for armed robbery with both minimum and maximum terms fixed at life imprisonment is invalid. The judgment of the circuit court of Christian County is reversed and the cause remanded, with directions to enter an indeterminate sentence in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*