(Nos. 32589 and 32872.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER JOHNSON *et al.,* Plaintiffs in Error.

*Opinion filed September 25, 1953.*

FRANCIS T. McCURRIE, of Chicago, (JOHN M. FLA-HERTY, and JOHN M. BRANION, of counsel,) for plaintiff in error Daniel Gaines; WALTER JOHNSON, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiffs in error, herein termed defendants, were indicted in the criminal court of Cook County for armed robbery, where each defendant pleaded not guilty. Both defendants were awarded separate jury trials and both were found guilty by the verdict of a jury. Judgments were entered upon the verdicts and both defendants were there-upon sentenced by the court to the penitentiary for a mini-mum term of years "not less than life" and a maximum term of "not more than life."

The defendant, Walter Johnson, appearing *pro se,* and the defendant, Daniel Gaines, by his attorney, moved the court to vacate the sentence on the grounds that a sentence

for armed robbery falls within section 2 of the Sentence and Parole Act, (Ill. Rev. Stat. 1951, chap. 38, par. 802,) and must be indeterminate rather than a definite sentence; that a sentence where the court fixed the minimum and maximum duration of imprisonment at life is a definite sentence and, therefore, invalid. The court denied the motion to vacate; judgment was entered on the respective verdicts and the defendants sentenced accordingly.

Both defendants have sued out a writ of error to review their convictions and the questions are identical. No facts are in controversy.

The sole contention of the defendants, as presented on the motion to vacate, is that a sentence for armed robbery fixing both the minimum and maximum duration of imprisonment at life is a definite rather than an indeterminate sentence.

The defendants rely upon the recent case in this court, *People* v. *Westbrook,* 411 Ill. 301, where the exact principle was stated in the following language, "For these reasons, we are of the opinion that the imposition of a sentence for armed robbery with both minimum and maximum terms fixed at life imprisonment is invalid."

The provisions of the Sentence and Parole Act (Ill. Rev. Stat. 1951, chap. 38, par. 801 *et seq.*) have frequently been the subject of comment in the decisions of this court, and we have consistently held that section 1 of that act provides definite sentences for four crimes specifically mentioned and indeterminate sentences for all other crimes. Section 2 requires the courts, in imposing sentences for crimes not specifically mentioned in section 1, to fix the minimum and maximum limits of imprisonment. (*People* v. *Westbrook,* 411 Ill. 301.) The case cited also held that a sentence for armed robbery falls within the terms of section 2 of the Sentence and Parole Act and must be an indeterminate rather than a definite sentence; citing *People* v. *Ross,* 396 Ill. 11; *People* v. *Secco,* 303 Ill. 546.

As in the *Westbrook case* the controlling question here is whether a sentence "from life to life" is an indeterminate sentence.

It is urged on the part of the People that the terms of the Sentence and Parole Act operate to make the sentence indeterminate, insofar as the punishment is concerned, because in reality a definite sentence under section 1 for a life term is in fact indeterminate as to punishment, since the prisoner is subject to punishment terminal between 20 years and life by the executive department.

This question was fully covered in the *Westbrook* opinion where we held that the statutes referred to (Ill. Rev. Stat. 1951, chap. 38, pars. 801, 801.1,) "apply only to definite sentences imposed for specific crimes" and were not intended to cover or be applied to a sentence for life imposed as a minimum term of an indeterminate sentence.

Adhering to the plain provisions of our opinion in the *Westbrook case,* we hold that the sentences for armed robbery in the present cases imposing identical minimum and maximum terms at life imprisonment are definite sentences and invalid.

The judgments of the criminal court of Cook County are reversed and the causes remanded to the criminal court of Cook County, with directions to enter indeterminate sentences in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*

Mr. Justice Maxwell, dissenting.