(No. 33075.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VAL JEAN WALL, Plaintiff in Error.

*Opinion filed May 24, 1954.*

VAL JEAN WALL, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and CARL D. SNEED, State's Attorney, of Marion, (FRED G. LEACH, GEORGE W. SCHWANER, JR., and ROBERT L. BUTLER, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

On February 21, 1941, plaintiff in error, Val Jean Wall, was convicted by a jury in the circuit court of Williamson County of the crime of robbery with a gun. The court sentenced him to the penitentiary "for a term of years not less than One (1) year or life unless sooner released by due process of law."

Plaintiff in error presents his case here on the common-law record, assigning as error that this sentence of the court, reading "not less than One (1) year or life" is not an indeterminate sentence as is required by the statutes, but constitutes two alternative determinate sentences, one a sentence of one year and another a sentence for life.

The penalty fixed by law for the crime of robbery while armed, at the time of this offense, was imprisonment in the penitentiary "for any term of years not less than one year or for life." (Ill. Rev. Stat. 1939, chap. 38, par. 501.) It appears therefore that the sentence imposed by the court was in the language of the statute save for the omission of the word "for" immediately preceding the word "life."

Plaintiff in error's contention is that this omission makes the sentence imposed upon him two alternative determinate sentences. Such a contention is untenable.

We have repeatedly held that the penalty imposed by law for the specific crime must be read into every sentence imposed by the courts. (*People* v. *Butler,* 405 Ill. 407; *People* v. *Brown,* 389 Ill. 202; *People* v. *Green,* 394 Ill. 173; *People* v. *Dee,* 392 Ill. 474.) The verdict determines the character of the crime and the penalty is provided by law. (*People* v. *Secco,* 303 Ill. 546; *People* v. *Ross,* 396 Ill. 11.) A sentence for the crime of armed robbery must be an indeterminate sentence under section 2 of the Sentence and Parole Act. (Ill. Rev. Stat. 1939, chap. 38, par. 802.) It is apparent, therefore, that the court was

wholly without jurisdiction or authority to impose any sentence other than the indeterminate sentence provided for in the statutes.

Plaintiff in error concedes that a sentence reading "one year or for life" would be a proper indeterminate sentence. We see no grammatical difference in that from "one year or life." The distinction is without a difference.

The plaintiff in error having been properly sentenced for an indeterminate sentence of not less than one year and not more than life as provided by statute for the crime of which he was convicted, the judgment of the circuit court of Williamson County is affirmed.

*Judgment affirmed.*