(No. 33504.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD GAUMER, Plaintiff in Error.

*Opinion filed November 23, 1955*

Richard Gaumer, *pro se.*

Latham Castle, Attorney General, of Springfield, and James P. Kellstedt, State's Attorney, of Peoria, (Fred G. Leach, George W. Schwaner, Jr., and William H. Young, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

On May 29, 1942, the defendant, Richard Gaumer, was convicted in the circuit court of Peoria County upon his plea of guilty to a charge of statutory rape. He was sentenced to the Illinois State Penitentiary for a term of fifty years. The sentence also contained the following language: "and the Court having received and considered evidence in aggravation and mitigation of the offense; and also, having heard evidence as to the moral character, life, family, occupation and previous record of said defendant, does recommend that the minimum and maximum durations of imprisonment be fifty years." Defendant has sued a writ of error out of this court, attacking the validity of the sentence.

He first contends that the sentence is illegal and void because of the inclusion of an advisory recommendation as to duration of imprisonment; and that, upon the authority of *People* v. *Montana,* 380 Ill. 596, he is entitled to be resentenced. In 1941 certain amendments were made to section 2 and other sections of the Sentence and Parole Act, which purported to confer upon the court a discretion

as to the penalty in cases subject to the act. The amendment of section 2 provided that when a defendant was convicted of an offense subject to an indeterminate sentence, the sentence should be a general indeterminate one of not less than the minimum nor greater than the maximum term provided by law for the particular crime, and that the court should then make an advisory recommendation, to be entered upon the record, recommending the minimum and maximum limits of imprisonment. The 1941 amendment of section 2, together with a part of other amendments of the Sentence and Parole Act made at the same time, were held unconstitutional and void in the *Montana case,* which was decided in September, 1942.

In numerous cases thereafter we have had occasion to hold judgments of commitment erroneous because of the inclusion of advisory recommendations under the invalid 1941 amendment, and have remanded the causes for the purpose of resentencing the defendants pursuant to law. Such remandment for resentence became necessary after the effective date of the 1943 amendments to the Sentence and Parole Act because, under section 4 of the act in relation to the construction of statutes (Ill. Rev. Stat. 1953, chap. 131, par. 4,) a defendant is entitled to the benefit of a new law mitigating any penalty or punishment where he consents to its application, and a defendant erroneously sentenced under the invalid 1941 amendment could elect whether to be sentenced under the provisions of the 1943 amendments or under the law as it existed prior to the enactment of the unconstitutional amendment of 1941. *People* v. *Nicholson,* 401· Ill. 546, 550; *People* v. *Rogers,* 401 Ill. 53, 57; *People ex rel. Barrett* v. *Bardens,* 394 Ill. 511, 518; *People* v. *Green,* 394 Ill. 173, 175.

In the case at bar, however, the offense is not punishable by an indeterminate sentence, with which the invalid 1941 amendment was concerned. The imposition of sentence for the crime of rape is governed by section 1 of the

Sentence and Parole Act (Ill. Rev. Stat. 1953, chap. 38, par. 801,) which the amendment did not purport to affect, and the *Montana case* is therefore not applicable. Section 1 of that act provides for definite sentences for the crimes of misprision of treason, murder, rape and kidnapping. Under its terms, where a person is charged with rape, if the case is tried by a court without the intervention of a jury, or on a plea of guilty, the court must fix a definite term of imprisonment. Thus the legislature intended by sections 1 and 2 of the Sentence and Parole Act to require definite sentences to be imposed for the four crimes specifically mentioned in section 1, and indeterminate sentences to be imposed for all other crimes. (*People* v. *Westbrook,* 411 Ill. 301, 303.) Here the court did impose a fixed term of imprisonment, namely fifty years. The further provisions recommending that the "minimum and maximum" durations of imprisonment be fifty years, do not render the sentence an indeterminate sentence. (See *People* v. *Westbrook,* 411 Ill. 301.) Since the "recommendation" coincides with the penalty already lawfully imposed, there can be no uncertainty as to the duration of imprisonment, and it is unnecessary to remand the cause with directions to enter a proper sentence.

Defendant also contends that fifty years' imprisonment in the penitentiary is a cruel, excessive and unusual punishment, disproportionate to the offense, in violation of the eighth amendment to the United States constitution and of section 11 of article II of the Illinois constitution. A similar contention was considered at length and rejected in *People* v. *Dixon,* 400 Ill. 449, wherein a sentence of 199 years for rape was upheld. After pointing out that sentences of life imprisonment for statutory rape had been upheld by this court, we observed that the nature, character and extent of penalties are matters for the legislature, and that courts will not interfere unless there has been a great departure from the fundamental law and its spirit and pur-

pose, or the penalty is manifestly in excess of constitutional limitations. The punishment for the crime of rape under the Illinois statute is imprisonment in the penitentiary for a term "not less than one year and may extend to life." (Ill. Rev. Stat. 1941, chap. 38, par. 490.) The sentence in the case at bar is within the statutory limits, and while it is apparently harsh and severe, we cannot find that constitutional rights have been transgressed.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*