THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STANLEY KUCZYNSKI, Plaintiff in Error.

*Opinion filed November 30, 1961.*

RAY H. GREENBLATT, appointed by the court, and GEORGE BOBRINSKOY, JR., both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

After trial without a jury in the criminal court of Cook County, defendant was convicted of the crime of armed rob-

bery. The court sentenced him to the penitentiary for life after the prosecutor filed a written statement concerning former convictions under the Illinois Habitual Criminal Act. (Ill. Rev. Stat. 1957, chap. 38, par. 603.1 *et seq.*) From his conviction and sentence defendant prosecutes this writ of error.

Francis Haggerty, William J. Gossett, and Stanley Kuczynski, the defendant herein, were indicted for the armed robbery of William Schewe. Haggerty and defendant were granted a severance from Gossett for trial. They were found guilty, and, after a hearing under the Illinois Habitual Criminal Act, defendant was sentenced to life imprisonment.

Schewe testified that his insurance office was robbed by three men, one having a gun and another being masked. His hands were tied and he was placed in a washroom. He worked his hands free, took a gun which he kept in the washroom and came out shooting. He testified that he could then observe defendant because he was no longer wearing the mask. At the trial he positively identified defendant. Mrs. Adrienne Latocha testified that as she started to enter Schewe's office, she was shoved aside by the first of three men who came out of the door. Although Mrs. Latocha was unable to identify the first two men who rushed past her, she identified the third as the defendant.

Codefendant Haggerty testified that he did not commit the robbery and that he did not see defendant on that day. He further testified that, at the preliminary hearing before a police magistrate, Schewe said he "could not absolutely identify" defendant because the third man was masked. At the trial both Schewe and Franklin Park chief of police Bondlów said Schewe identified defendant at the hearing.

Defendant argues that the trial judge abused his discretion in refusing to allow defendant's attorney to testify and in denying defendant's motion for a continuance to secure additional witnesses who could testify as to what took place

at the preliminary hearing. Defendant's attorney asked leave to withdraw as counsel in order to testify that Schewe was unable to identify defendant at the preliminary hearing. When his motion was denied, he asked for a continuance on the grounds of surprise to secure other persons who were at the hearing, which motion was also denied. As it is apparent that Schewe's testimony surprised defendant, the trial judge should have allowed defendant's attorney to testify and should have granted him a continuance to procure witnesses to explain what occurred at the preliminary hearing.

Although we remand for a new trial, we deem it advisable to discuss whether defendant was properly sentenced under the Illinois Habitual Criminal Act (Ill. Rev. Stat. 1957, chap. 38, par. 603.1 *et seq.*) in order to avoid a possible error in sentencing in a subsequent trial.

The act governing principal offenses committed prior to the effective date (July 1, 1957,) of the Illinois Habitual Criminal Act provided for a mandatory sentence equal to the maximum term of imprisonment prescribed for the principal offense when one former conviction was proved, and imprisonment for not less than fifteen years when two or more prior convictions were proved. (Ill. Rev. Stat. 1957, chap. 38, par. 602.) Were that act applicable and had defendant been validly convicted, his sentence to life imprisonment would have been proper. *People v. Bartkus, 7* Ill.2d 138.

That act is in accord with older laws governing the punishment of repeated offenders, as it is designed to protect society by the incarceration of such felons for long periods. However, the tendency has been to abandon the rigid requirements of mandatory sentences of long duration in favor of a grant of broad discretion to the trial court to fix both the minimum and maximum duration of the sentence of the repeated offender. This in turn is part of a trend in favor of imposition of indeterminate sentences generally and utilization of a comprehensive system of pa-

role professionally administered. The recently enacted Illinois Habitual Criminal Act is in accord with the trend to give the court greater discretion in the application of enhanced punishments to repeated offenders. See Dunham and Merrifield, University of Chicago Law Revision Research Series No. 1.

Section 5 of the act (chap. 38, par. 603.5) provides that "In imposing sentence upon a habitual criminal, the court may impose any sentence permitted by the statute defining the principal offense; * * *." The sentence permitted by the statute governing the offense of armed robbery is imprisonment "in the penitentiary for any terms of years not less than one year or for life." (Ill. Rev. Stat. 1957, chap. 38, par. 501.) We have held that the sentence for armed robbery must be indeterminate rather than definite. (*People* v. *Westbrook*, 411 Ill. 301; *People* v. *Johnson*, 415 Ill. 628.) Since a sentence to life imprisonment is not an indeterminate sentence, defendant, had he been validly convicted, was not properly sentenced. See *People* v. *Harris*, No. 35751, decided this term.

The judgment is reversed and the cause is remanded to the criminal court of Cook County for a new trial.

*Reversed and remanded.*