(No. 38544.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STANLEY KUCZYNSKI, Plaintiff in Error.

*Opinion filed November 19, 1965.*

ROBERT D. MCHUGH, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. LEACH, Assistant Attorney General, and ELMER C. KIS-
SANE and WILLIAM J. NELLIS, Assistant State's Attorneys,
of counsel) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the
court:

The defendant, Stanley Kuczynski, brings this writ of
error to review his conviction for armed robbery. His prior
conviction on the same charge in 1958 was reversed by
this court in *People v. Kuczynski*, 23 Ill.2d 320, and the
cause was remanded for a new trial. It was redocketed and
the defendant tried by the court, found guilty and sentenced
to the penitentiary for a term of 7 to 10 years.

Defendant's principal contentions relate to the four-
months rule. (Ill. Rev. Stat. 1961, chap. 38, par. 748.) He
claims that he demanded a trial while free on bail on No-
vember 13, 1962, and was, therefore, entitled to discharge
prior to his trial on June 10, 1963. He further insists that
the failure of his counsel to petition for discharge deprived
him of his rights to the assistance of competent counsel.

Since the record indicates that no application for dis-
charge under the four-months rule was made prior to con-
viction, it is well settled that defendant cannot now avail
himself of the statute. *People v. Stahl*, 26 Ill.2d 403; *People
v. Brame*, 6 Ill.2d 412; *People v. Morris*, 3 Ill.2d 437.

Nevertheless, we have indicated that under certain cir-
cumstances the failure of counsel to assert the defendant's
right to discharge under the four-months rule might indi-
cate such incompetence as to amount to a deprivation of
the right to a fair trial. In *People v. Morris*, 3 Ill.2d 437,
the accused was represented by the public defender and had
not been released on bail. The public defender failed to as-
sert the undeniable right of defendant to discharge under
the four-months rule, although a co-defendant was dis-
charged upon application under the rule in the same case.
We held that the combination of circumstances there pres-

ent indicated such incompetent representation as to require a new trial.

In the present case the record indicates that during the purported running of the four-months period defendant was represented by court-appointed counsel other than the public defender and was free on bail. Since he was free on bail the four-months statute did not commence to run until defendant made a demand for trial. (*People* v. *Klinger*, 319 Ill. 275; *People* v. *Fox*, 269 Ill. 300; *People* v. *Campbell*, 49 Ill. App. 2d 269; Ill. Rev. Stat. 1961, chap. 38, par. 748.) On this record the time of defendant's demand for trial is not clear. After many continuances by agreement or upon motion of defendant, it appears from the record that on November 13, 1962, the State's Attorney and the counsel for the defendant both stated that they were ready for trial at the present term of court. The case was then continued by order of court to December 19, 1962. The attorney for defendant, on December 19, 1962, stated: "Any date the State wants is all right with me. The man is on bond." The case was then continued on motion of the State to February 13, 1963. On that date the State requested a continuance to March 14, but defendant's counsel stated: "Just as long as we are making it that long, could we make it the 18th?" The following colloquy then took place between Mr. Stein, counsel for defendant, and the court:

"Mr. Stein: And would Your Honor let the record show that it is order of Court? There is no 4th Term because it starts today but we would like to go to trial.

The Court: The 4th Term starts today. You are demanding trial then. Motion of State.

Mr. Stein: Fine."

The cause was continued to March 18 and from time to time thereafter until June 11 when the State requested an extension of time under the four-months rule because of the temporary absence of the prosecuting witness. The motion was granted pursuant to the provisions of the statute, (Ill.

Rev. Stat. 1961, chap. 38, par. 748,) and defendant was tried on July 10, 1963.

It is clear that the waiver of the four-months period by the action of counsel for defendant in requesting a continuance does not necessarily indicate incompetence even when the defendant is incarcerated. (*People* v. *Reader,* 26 Ill.2d 210.) In the *Reader* case we stated: "While we are unable to ascertain why the public defender made the motions that he did on January 8, 1934, we cannot say that the making of said motions rendered trial counsel incompetent. We can conceive of many reasons all of which would be *dehors* the record, as to why defense counsel would ask for a continuance even though it resulted in a waiver of the four-month statute."

The reasons for an agreement to a continuance are even more conceivable in this case where the defendant is free on bail.

While the record on the various continuances herein is not as clear as we might desire, we think that competent counsel might well consider that the four-months rule started on either February 13, 1963, or March 18, 1963, and that defendant·was tried within the statutory period as extended by proper motion.

It is well established that where a defendant requests or agrees to a continuance, the four-months period starts again from the date to which the case is continued. *People* v. *Stahl,* 26 Ill.2d 403; *People* v. *Hayes,* 23 Ill.2d 527.

Counsel here, unlike counsel in *People* v. *Morris,* 3 Ill.2d 437, was well aware of the four-months rule and was cognizant of the record. We therefore conclude that his failure to move for discharge prior to trial does not indicate incompetence. Defendant's other allegations of counsel's incompetence are totally lacking in merit. We find from the record that defendant was represented by competent trial counsel.

Defendant next contends that he was not proved guilty

beyond a reasonable doubt. At the trial William Schewe testified that at about 11:40 A.M. on October 10, 1958, his insurance office was robbed by three men, one having a gun and one being masked. He was tied up in a washroom, but worked his hands free and took a gun which was kept in the washroom. He came out shooting and saw the defendant, now unmasked, rifling his desk about six or seven feet away. He was able to see his face and features. The three men then fled. He made an identification at police headquarters a few days later and positively identified the defendant at the trial. Mrs. Adrienne Latocha testified that she started to enter Schewe's office before noon the day of the robbery, but was shoved aside by the first of the fleeing men. Although she could not identify the first two men, she positively identified defendant as the third man a few days after the occurrence and again at the trial. It also appears that both witnesses positively identified defendant at his first trial. *People* v. *Kuczynski,* 23 Ill.2d 320.

For the defense, the defendant and an old friend, Frank Sparacino, testified that on the day of the robbery defendant was painting a tavern from 10:00 A.M. until 12:00 or 12:10 P.M. Sparacino had apparently not discussed this with anyone until more than a year after the occurrence and did not testify at the first trial.

The defense also attempted to prove that Schewe was unable to identify defendant at the preliminary hearing on November 7, 1958. This failure was testified to by defendant, William Gossitt, a co-defendant who had previously pleaded guilty, a girl friend who had posted defendant's bond, and defendant's attorney at the first trial. This evidence was rebutted by the testimony of a police captain and the assistant State's Attorney who were present at the preliminary hearing.

Despite the disputed question of the identification by Schewe at the preliminary hearing, and the alibi testimony, we think the positive identification of defendant at the trial

by two witnesses, with adequate opportunity to observe defendant, provided sufficient basis for the finding of the trial court. As trier of the facts, the trial court could properly find defendant guilty beyond a reasonable doubt.

We have also examined defendant's contention that the actions of the prosecutor and the trial court deprived him of a fair trial. From an examination of the record we find these contentions are totally without merit.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*